## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| DELAWARE LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No.   2:21-cv-261-RWS |
| MARY LYN PRUETT and CHARLES HARRIS HART, Jr., as executor of THE ESTATE OF WILLIAM K. FARRIS, III, | § § § § § § | |
| Defendants. | | |

_____

## COMPLAINT IN INTERPLEADER
## AND FOR DECLARATORY JUDGMENT
_____

Plaintiff Delaware Life Insurance Company ("Delaware Life"), by and through its undersigned attorneys, for its Complaint in Interpleader and for Declaratory Judgment, alleges as follows:

### PARTIES

1.      Delaware Life is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in the Commonwealth of Massachusetts. Delaware Life is duly authorized to do business in the State of Georgia.

2.     Upon information and belief, William K. Farris, III (deceased) (the "Annuitant") was a resident of Madison County, Georgia.

3.     Upon information and belief, Defendant Mary Lyn Pruett is the sister of Decedent, and is a resident of Blue Ridge, Fannin County, Georgia.

4.     Upon information and belief, Defendant Charles Harris Hart, Jr. is the executor of the Estate of William K. Farris, III and is a resident of Madison County, Georgia.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

6.     Delaware Life is a citizen of Delaware and Massachusetts for diversity purposes, and upon information and belief, the Defendants are citizens of the State of Georgia.

7.     Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Pruett is a resident of this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

8.     On or about June 6, 2017, Delaware Life issued a Non-Qualified Retirement Stages 7SM Flexible Fixed Indexed Premium Deferred Annuity with Indexed Options under Contract No. 6890009987 (the "Annuity Contract") to

2

William K. Farris, III as owner and annuitant. A true and correct copy of the application for the Annuity Contract (the "Application") is attached hereto as **Exhibit A**. A true and correct copy of the Annuity Contract is attached hereto as **Exhibit B.**

9.      The Application lists the Estate of William K. Farris, III as the primary and only beneficiary under the Annuity Contract.

10.      William K. Farris, III died on August 8, 2021.

11.      On or about August 9, 2021, Delaware Life received a completed Beneficiary Change form purporting to designate "Mary Lyn F Pruett" as the named beneficiary under the Annuity Contract. The Beneficiary Change form is dated August 6, 2021, and purports to be signed by the owner of the Annuity Contract, William K. Farris, III. A copy of the Beneficiary Change form is attached hereto as **Exhibit C**.

12.      In accordance with the terms of the Annuity Contract, if an owner dies prior to the Annuity Date, the Death Benefit is payable to the Beneficiary.

13.      The Annuity Date under the Annuity Contract is July 3, 2045.

14.      The Annuity Contract provides a Death Benefit equal to the greater of the account value or the surrender value.

15.    The current account value of the Annuity Contract is approximately $90,087.32. Because the Annuity is invested in fixed and indexed funds, the account value is subject to market conditions.

16.    As a result of the death of William K. Farris, III, the Annuity Contract's Death Benefit, plus claim interest, if any, became payable to a beneficiary, and liability is conceded by Delaware Life to that affect.

17.    On or about November 16, 2021, Defendant Mary Lyn Pruett submitted a claim for death benefits under the Annuity Contract. A copy of the claim submitted by Ms. Pruett is attached hereto as **Exhibit D**.

18.    On or about November 16, 2021, Delaware Life received a letter from attorney Kevin E. Epps on behalf Ms. Jean Hancock who, upon information and belief, claims to be the sole residuary beneficiary of the Estate of William K. Farris, III. The letter by attorney Epps, a true and correct copy of which is attached hereto as **Exhibit E**, states that the beneficiary change resulting in Ms. Pruett becoming the named beneficiary under the Annuity Contract was fraudulently induced and ineffective. Ms. Hancock further confirmed this in a sworn affidavit, wherein she stated, under oath, that on August 7, 2021, Ms. Pruett induced Ms. Hancock to sign the Decedent's name to the beneficiary change form and to "backdate" the form to August 6, 2021.  A true and correct copy of the Affidavit of Jean Hancock is attached hereto as **Exhibit F**.  Ms. Hancock's legal counsel has represented that Ms. Hancock,

as sole residual beneficiary of the Estate of William K. Farris, III, is entitled to the Death Benefit under the Annuity Contract.

## COUNT I – CAUSE OF ACTION IN INTERPLEADER

19.    Delaware Life incorporates by reference herein the allegations in paragraphs 1 through 18 of this Complaint.

20.    There presently are competing claims for the Annuity Contract's Death Benefit. Under the circumstances, Delaware Life cannot determine factually or legally who is entitled to the Death Benefit.  By reason of the actual or potential claims of the interpleading defendants, Delaware Life is or may be exposed to multiple liability.

21.    Delaware Life is ready, willing and able to pay the Death Benefit, plus applicable claim interest, if any, payable in accordance with the terms of the Annuity Contract, any applicable state law and to whomever this Court shall designate.

22.    As a mere stakeholder, Delaware Life has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit payable and respectfully requests that this Court determine to whom said benefits should be paid.

23.    Delaware Life accordingly will deposit with the Court the Death Benefit, plus applicable claim interest, if any, for disbursement in accordance with the judgment of this Court.

24.    Delaware Life has not brought this Complaint in Interpleader at the request of any of the Defendants.  There is no fraud or collusion between Delaware Life and any of the Defendants.  Delaware Life brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

## COUNT II – DECLARATORY JUDGMENT

25.    Delaware Life incorporates by reference herein the allegations in paragraphs 1 through 18 of this Complaint.

26.    Pleading in the alternative, to the extent it is determined that payment of the Death Benefit into the registry of this Court is not appropriate, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff seeks a declaration by the Court to determine the proper beneficiary under the Annuity Contract.

27.    As a result of the facts described in the foregoing paragraphs, an actual, justiciable controversy exists with regard to the proper beneficiary under the Annuity Contract.

**WHEREFORE**, Delaware Life prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint and litigate their claims between themselves for the Death Benefit;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Annuity Contract and/or the Death Benefit;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d) permitting Delaware Life to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e) discharging Delaware Life from any and all further liability to Defendants relating in any way to the Annuity Contract and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) awarding Delaware Life its attorneys' fees and costs in their entirety;

(g) alternatively, declaring the rights of the Defendants including determining the proper beneficiary under the annuity Contract; and

(h) awarding Delaware Life any other and further relief that this Court deems just and proper.

Respectfully submitted December 3, 2021.

**MILLER & MARTIN PLLC**

*/s/ James T. Williams*
James T. Williams
Georgia Bar No. 185084
832 Georgia Avenue, Suite 1200
Chattanooga, TN  37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
Email: james.williams@millermartin.com

*and*

Elizabeth J. Marquardt
Georgia Bar No. 944547
Regions Plaza, Suite 2100
1180 W. Peachtree Street, NW
Atlanta, GA 30309
Telephone: (404) 962-6100
Facsimile: (404) 962-6300
Email: elizabeth.marquardt@millermartin.com

***Attorneys for Plaintiff Delaware Life
Insurance Company***

8